In the Matter of HERMAN JOHNSON, Also Known as GARY HUTCHENSON, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [920 NYS2d 481]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Devine, J.), entered May 21, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from implementing a period of postrelease supervision.

In 2006, petitioner was convicted of grand larceny in the third degree and sentenced as a second felony offender to a prison term of 3½ to 7 years. Thereafter, in 2007, he was convicted of robbery in the second degree and sentenced, as a violent felony offender with a prior nonviolent felony offense, to a prison term of seven years, followed by five years of postrelease supervision, to be served concurrently with his 2006 sentence. Petitioner refused to be released when he was eligible for conditional release on May 3, 2010, apparently because he believed that if he remained incarcerated until the maximum expiration of his prison terms he would avoid being subjected to the period of postrelease supervision previously imposed by the sentencing court.

Petitioner commenced this CPLR article 78 proceeding to prevent respondents from implementing the postrelease supervision component of his determinate sentence, claiming that, under Penal Law § 70.45, postrelease supervision applies only to inmates who are conditionally released, not to inmates who remain incarcerated until the expiration of their prison terms. Supreme Court dismissed the petition, and petitioner now appeals.

In support of his position, petitioner relies on the language of Penal Law § 70.45 (5) (a), which states that a period of postrelease supervision "shall interrupt the running of the determinate sentence or sentences of imprisonment and the indeterminate sentence or sentences of imprisonment, if any" and the remaining portion "shall then be held in abeyance until the successful completion of the period of post-release supervision." According to petitioner, this language indicates that once a term of imprisonment expires, respondents no longer maintain

authority to implement a period of postrelease supervision. However, as Penal Law § 70.45 (1) states, a determinate sentence is composed of two elements—a period of imprisonment and a period of postrelease supervision. Indeed, a court must impose "not only the term of imprisonment, but also an additional period of post-release supervision" (Penal Law § 70.45 [1]). Thus, contrary to petitioner's claim, a determinate sentence is not expired once a period of imprisonment is complete. Furthermore, the legislative history is clear that the statutory scheme "mandates that all violent felony offenders serve a term of supervision after release from prison," not just those who have been conditionally released (Governor's Approval Mem, Bill Jacket, L 1998, ch 1; see Assembly Mem in Support, L 1998, ch 1; McKinney's Cons Laws of NY, Book 1, Statutes § 124). Accordingly, Supreme Court properly dismissed the petition.

Petitioner's remaining arguments have been considered and found to be without merit.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.